UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH H. DUEHRING,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    *Defendant*.
_____/

CASE No. 20-10070
DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RECOMMENDING SUA SPONTE DISMISSAL
(ECF No. 1.)

**I.  RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's complaint (ECF No. 1) in the present case be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) because it is duplicative of a complaint filed in a pending action.

**II.  REPORT**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, (ECF No. 5), this case was referred to me for review. Plaintiff's complaint appeals the final decision of the Commissioner denying his application for disability benefits. (ECF No. 1, PageID.2-4.) He filed the complaint on January 10, 2020. The problem, however, is that four days earlier he filed a nearly identical complaint that seems to seek review of the same final decision of the Commissioner. (Complaint, ECF No. 1 at PageID.2-4, *Duehring v. Comm'r of Soc. Sec.*, (2020) (No. 20-10053).) Both note that he

1

filed claims under Title II (Disability Insurance Benefits) and Title XVI (Supplemental Security Income). Both include the same single-page, handwritten explanation of his situation. Most importantly, both include the same November 20, 2019 letter from the Social Security Appeals Council declining to review the Administrative Law Judge's August 16, 2019 decision denying him benefits.[1]

Plaintiff proceeds *in forma pauperis*, subjecting his complaint to screening under 28 U.S.C. § 1915(e)(2). *Cf. Little v. Comm'r of Soc. Sec.*, 2016 WL 11480180 (W.D. Tenn. May 9, 2016) (screening under § 1915(e)(2) a complaint seeking review of denial of Social Security disability benefits), *rep. & rec. adopted by* 2016 WL 3189276 (W.D. Tenn. June 7, 2016). Under § 1915(e)(2)(B)(i), a court must dismiss frivolous complaints. "The Sixth Circuit Court of Appeals has held that a district court may dismiss as frivolous under § 1915(e) a case that is duplicative of an earlier-filed action." *Shelton v. Escobedo*, 2011 WL 6755117, at *1 (E.D. Mich. Dec. 23, 2011) (*citing Peoples v. Reno*, 230 F.3d 1359, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000) (unpublished op)); *see also Belser v. Evans*, 2016 WL 7337260, at *2 (E.D. Mich. Dec. 19, 2016) (dismissing a case under § 1915(e)(2)(B) as duplicative). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Shelton*, 2011 WL 6755117, at *1 (*quoting Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

---

[1] His complaint here also includes a form indicating that this case had been previously dismissed. (ECF No. 1, PageID.6.) Although he has appealed in this Court denials of previous disability applications, *see Duehring v. Comm'r of Soc. Sec.*, No. 18-12255, 2019 WL 4866758, at *1 (E.D. Mich. July 31, 2019), *rep. & rec. adopted by* 2019 WL 4463277 (E.D. Mich. Sept. 18, 2019), it appears that he was not referring to those cases here. Rather, he writes that the "Court" ordering dismissal in this case was "Social Security" and he is unaware of the case number or judge. (*Id.*) Thus, the earlier dismissal he flags was the denial of benefits at the agency level.

Plaintiff's complaint in the present case seeks review of the same agency decision that he has asked the Court to review in his earlier filed and still pending case. The parties are the same and the complaints are not meaningfully different. Consequently, this complaint is duplicative, rendering it frivolous under § 1915(e)(2). For that reason, I **RECOMMEND DISMISSING** the complaint in this case. (ECF No. 1.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file

3

a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 22, 2020                           S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Kenneth H. Duehring at 4478 S. Linden Rd., Flint, MI 48507.

Date: January 22, 2020                            By s/Kristen Castaneda
                                                  Case Manager

4